**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| RAMONA ASKEW, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | NO. 3:08-cv-0969-M |
| § | |
| MICHAEL J. ASTRUE, § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on June 10, 2008. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

Procedural History: On April 1, 2005, plaintiff Ramona Askew ("Plaintiff" or "Askew") protectively filed an application for Supplemental Security Income ("SSI") claiming disability due to a tumor, headaches, blackout spells, and back pain. (Administrative Record (hereinafter "Tr.") at 17, 71-76, 85-86, 316-317). She alleged a disability onset date of April 1, 2005. (Tr. at 71).

Her claim was denied by the state agency initially and on reconsideration, after which she requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ conducted a hearing on February 20, 2007, at which Askew appeared with counsel. (Tr. at 17, 313). Askew testified on her own behalf. The ALJ also received testimony from Karyl Kuuttila, a vocational expert ("VE"). (Tr. at 17, 332). On March 29, 2007, the ALJ denied Plaintiff's request for benefits,

finding that her medically determinable impairments did not prevent her from performing other work existing in significant numbers in the national economy, such as that of a cafeteria worker, cleaner/housekeeper, or document preparer. (Tr. 23-24).

Plaintiff timely requested a review of the ALJ's decision by the Appeals Council and on May 2, 2008, the Appeals Council denied her request. (Tr. 4-6). Therefore, the ALJ's decision became the Commissioner's final decision for purposes of judicial review. *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

Plaintiff filed her federal complaint on June 9, 2008. Defendant filed an answer on August 1, 2008. On September 25, 2008, Plaintiff filed her brief, followed by Defendant's brief on November 24, 2008. Plaintiff filed a reply brief on December 2, 2008.

<u>Standard of Review - Social Security Claims</u>: When reviewing an ALJ's decision to deny benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's decision is supported by substantial evidence in the record and (2) whether the proper legal standards were applied in evaluating the evidence. *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In determining whether substantial evidence exists, the court reviews the entire record, but does not reweigh the evidence, retry the issues, or substitute its own judgment. *Villa*, 895 F. 2d 1022 (citations omitted). Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive. *Perez v. Barnhart*, 415 F.3d 461(5th Cir. 2005).

<u>Discussion</u>:	To prevail on a claim for disability insurance or SSI benefits, a claimant bears the burden of establishing that he or she is disabled, defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a). Substantial gainful activity is defined as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done (or intended) for pay or profit." 20 C.F.R. § 416.910.

The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920. Under the first four steps, a claimant has the burden of proving that her disability prevents her from performing her past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove there is other substantial gainful activity that the claimant can perform. *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989). "A finding that a claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In the present case, the ALJ proceeded to step five. He found, based upon the testimony of the VE, that there were jobs which existed in significant numbers in the national economy that Askew could perform, considering her age, education, work experience, and residual functional capacity (RFC). The ALJ therefore concluded that she was not under a disability and denied her claim for benefits. (Tr. 23-24).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms of headaches, black outs, and severe back pain, but

3

concluded the claimant's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely credible, and did not preclude Plaintiff from performing all work activities. (Tr. 21-22).

Plaintiff alleges several errors by the ALJ. First she alleges the ALJ made a significant factual error by expressly relying on the factor of Plaintiff's ability to take care of her two children in supporting his findings. Second she alleges the ALJ ignored Dr. Steven Greer's diagnosis of a 'pain disorder', and that his failure to recognize the impairment adversely affected the ALJ's credibility analysis of her subjective testimony. Third she alleges the ALJ improperly discounted the weight of the opinions of her treating physician, Dr. Manuel Rivero, without good cause. Fourth, she alleges her reduced stress tolerance is a disabling condition the ALJ should have taken into account. For the reasons discussed below, the court finds the ALJ's decision is supported by substantial evidence in the record and the proper legal standards were applied in evaluating the evidence.

**First**, Plaintiff alleges the ALJ made a factual error in finding that she takes care of her two children, and expressly relied on this factor in his determination of her ability to perform work-related activities, creating prejudicial error. Specifically, the ALJ found that "the claimant is apparently capable [of] taking care of two small children, which can be quite demanding. The ability to perform this type of activity certainly suggests that she is capable of performing work-related activities with the restrictions provided above." (Tr. at 22).

The ALJ relied on a variety of factors in reaching his determination on Askew's residual functional capacity. These factors included the medical evidence, the medication and effectiveness of the medication Askew was prescribed, and her activities of daily living. (Tr. 20-

4

22).  In assessing her activities of daily living, the ALJ heard testimony from Askew that she lives alone with her two children, sits at home with them, reads to them, watches television with them, and prepares their cereal.  (Tr. 325-329).  The ALJ provided a detailed description of the objective medical evidence, diagnoses and opinions, and plaintiff's subjective evidence and his analysis of the same in reaching his determination.  (Tr. 21-22).

In determining whether substantial evidence of disability exists, the court weighs four factors: objective medical evidence, diagnoses and opinions, the plaintiff's subjective evidence of pain and disability, and the plaintiff's age, education, and work history.  *Perez*, 415 F.3d at 457.  On review of the Social Security Commissioner's decision to deny disability benefits, a finding of no "substantial evidence" to support the decision is appropriate only if no credible evidentiary choices or medical findings support the decision.  *Boyd v. Apfel*, 239 F.3d 698 (5th Cir. 2001).  Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive.  *Perez*, 415 F.3d at 461.  In this case, the ALJ considered the objective medical evidence, diagnoses and opinions, plaintiff's age, education, and work history, and plaintiff's subjective evidence in reaching his determination.  (Tr. 19-24).  His findings of fact are supported by substantial evidence.

**Second**, Plaintiff alleges the ALJ ignored Dr. Steven Greer's diagnosis of a 'pain disorder', and that the ALJ's failure to recognize the impairment prejudicially affected the ALJ's credibility assessment of her subjective testimony with respect to pain.  "It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference."  *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citations omitted).  The determination whether a claimant is able to work despite some pain "is

within the province of the administrative agency and should be upheld if supported by substantial evidence." *Id*. Moreover, pain must be "constant, unremitting, and wholly unresponsive to therapeutic treatment to be disabling." *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994). In the Fifth Circuit, an ALJ must give reasons for rejecting a claimant's subjective testimony only where the evidence clearly favors the claimant. *Id*.

Dr. Steven Greer performed a psychological evaluation of Askew on June 30, 2006; assigning her a Global Assessment of Functioning (GAF) score of 45 and diagnosing her with dysthymic disorder and personality disorder.[1] (Tr. at 22). Dr. Greer's assessment was the result of a one-time consultative evaluation, after Plaintiff was referred to Dr. Greer by her attorney. (Tr. at 255, 324-325). The ALJ considered this evaluation and determined "there is no evidence to show that the claimant has received ongoing treatment due to these impairments nor has she been hospitalized due to any mental disorder. She is apparently capable of taking care of her personal needs and is able to take care of her two children. The ability to perform this type of daily activities suggests that she does not have a mental impairment that prevents her from performing work-related activities." *Id*.

The ALJ found that "while the evidence regarding the intensity and persistence of the claimant's symptoms is partially credible, it is not credible to the extent that it demonstrates no capability to perform work. The limitations alleged are only partially consistent with and supported by the objective medical evidence." (Tr. at 22). After reviewing all of the evidence, the ALJ noted that if Askew had the residual functional capacity to perform a range of light

---

[1] Dysthymic disorder is defined as a mood disorder with chronic (long-term) depressive symptoms that are present most of the day, more days than not, for a period of at least two years. Encyclopedia of Mental Disorders, Dysthymic Disorder, http://www.minddisorders.com/Del-Fi/Dysthymic-disorder.html (last visited Mar. 30, 2009).

work, the Medical-Vocational Rule 202.20 would direct a finding of "not disabled." (Tr. at 23). However, because "[her] ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations", he called upon the vocational expert to testify as to whether jobs existed in the national economy for an individual with "the claimant's age, education, work experience, and residual functional capacity." (Tr. at 23).

The vocational expert testified that jobs existed, both in the national economy and in Texas, that such an individual would be capable of performing. (Tr. 23-24, 333-334). None of the objective medical evidence supports plaintiff's allegation of disabling pain. (Tr. 21, 143, 156, 194, 248, 275, 283, 293, 306). The ALJ properly exercised his responsibility as fact finder in weighing the evidence and in choosing to incorporate limitations into his RFC assessment that were supported by the record. "These are precisely the kinds of determinations that the ALJ is best positioned to make." *Falco*, 27 F.3d at 164. Therefore, the ALJ's RFC determination is supported by substantial evidence.

**Third**, Plaintiff alleges the ALJ gave improper weight to a medical abilities statement submitted by Dr. Manuel Rivero, Plaintiff's treating physician. "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir.2000); *see also Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir.1994). The ALJ detailed the medical evidence submitted for the alleged period of disability and concluded that Dr. Rivero's statement was "inconsistent with the medical evidence as a whole." (Tr. at 22). The medical abilities statement consists of a two-page checklist form that does not provide an explanation of reasons for the recorded responses. (Tr. at 149-150). The absence of medical records relating to any limitations on Plaintiff's ability to work and

7

Plaintiff's testimony with respect to her daily activities and care of her two children provide a basis for rejecting Dr. Rivero's RFC evaluation. (Tr. at 22). *See, e.g., Greenspan v. Shalala*, 38 F.3d at 237; *Brown v. Apfel*, 192 F.3d 492, 500 (5th Cir. 1999); *see also Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995) (rejecting an "isolated, conclusory statement" of a treating physician when considered in conjunction with other opinions, objective medical evidence and claimant's own testimony). Under the foregoing facts and circumstances, there is substantial evidence supporting the ALJ's rejection of Dr. Rivero's RFC statement.

**Fourth**, Plaintiff claims that Dr. Greer's opinion indicated Plaintiff "would be rated as substantially reduced in her ability to cope with usual stressors without exhibiting psychological symptoms." The ALJ "did not assigned [sic] significant weight to Dr. Greer's GAF score and assessment of the claimant because it is inconsistent with the medical evidence as a whole which clearly shows that the claimant's mental impairments does [sic] not cause a significant impact on her ability to perform work-related activities." (Tr. at 22).

In questioning the vocational expert, the ALJ asked her to assume that a hypothetical person had mild deficits in concentration and attention and relating to co-workers, the public, or supervisors; but could respond to routine changes in the work environment. (Tr. 19-20, 333). The vocational expert was asked to assume that the person suffered from additional physical limitations. The vocational expert identified specific occupations which existed within the economy that such a person could perform. *Id*. at 333-34.

Consistent with the limitations described in his hypothetical to the vocational expert, the ALJ found the Plaintiff has "mild deficits" in several of the work-related activities, including concentration and attention (similar to the category "understanding, remembering, and carrying

out simple instructions" under SSR 96-9p), and responding appropriately to supervision and co-workers and usual work situations. (Tr. at 19-20). The ALJ went on to assess the Plaintiff's remaining capacities and the opinion of the vocational expert to determine their effect on the unskilled occupational base used for Askew's RFC assessment. Because there is substantial evidence to support the ALJ's decision not to assign significant weight to Dr. Greer's opinion in arriving at Plaintiff's RFC, no error is presented.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the District Court enter its order AFFIRMING the decision of the Commissioner and DISMISSING this action with prejudice. A copy of this recommendation shall be transmitted to counsel for the parties.

Signed this 1st day of April, 2009

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.